IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SAMUEL KUGMEH,                    :
                                 :
        Plaintiff,               :
                                 :
    v.                           : Civil Action No. 23-600-CFC
                                 :
UBER TECHNOLOGIES,               :
                                 :
        Defendant.               :

Samuel Kugmeh, Wilmington, Delaware.  Pro Se Plaintiff.


**<u>MEMORANDUM OPINION</u>**


January 26, 2024
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

Plaintiff Samuel Kugmeh appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4)  The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.   BACKGROUND

Plaintiff's allegations are assumed to be true for screening purposes. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

Plaintiff alleges that Uber terminated him and wrongfully deactivated his account based on accusations that he was driving under the influence or drowsy, without providing "any justifiable reason" or due process. (D.I. 2 at 4-5)  He alleges that he was discriminated against, and brings claims for wrongful termination, slander, libel, and defamation of character.  He seeks $140,000 in damages and reinstatement of his Uber account.

## II.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).  The Court must accept all factual

allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020).   Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).   A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).   A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam).   A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

2

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

Plaintiff has failed to state a claim. With regard to his claims for defamation, he is required to plead factual allegations that would satisfy five elements: (1) a defamatory communication; (2) publication; (3) reference to the plaintiff; (4) the third party's understanding of the communication's defamatory character; and (5) injury. *Optical Air Data Sys., LLC v. L-3 Commc'ns Corp.*, 2019 WL 328429, at *7 (Del. Super. Jan. 23, 2019) (internal citations omitted).

3

In his Complaint, plaintiff has not alleged that any allegedly defamatory statement was shared with anyone outside of Uber. The "publication" element of a defamation claim cannot be satisfied through internal company communications. *See Bray v. L.D. Caulk Dentsply Intern.*, 1999 WL 1225966, at *2 (Del. Super. 1999). Furthermore, the "publication" element cannot be satisfied by a communication sent from a defendant to a plaintiff. *Gilliland v. St. Joseph's at Providence Creek*, 2006 WL 258259, at *13 (Del. Super. 2006); *see also Byars v. School Dist. of Philadelphia*, 942 F. Supp. 2d 552, 566 (E.D. Pa. 2013).

Accordingly, Plaintiff's fails to plead allegations sufficient to establish the "publication" element of his defamation claim and he has therefore failed to state a claim. The Court concludes that amendment is futile to this claim.

Plaintiff's apparent claim of wrongful termination based on discrimination fails to state a claim as he has provided not factual allegations that would establish such a claim. Plaintiff will be given one opportunity to amend this claim.

## IV.  CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will be given leave to file an amended complaint raising his wrongful termination claim only.

This Court will issue an Order consistent with this Memorandum Opinion.

4